**BRYAN CAVE LLP**
Julie E. Patterson, California Bar No. 167326
Julie W. O'Dell, California Bar No. 291083
3161 Michelson Drive, Suite 1500
Irvine, CA  92612-4414
Telephone:(949) 223-7000
Facsimile: (949) 223-7100
E-Mail:    jepatterson@bryancave.com
           julie.odell@bryancave.com

Attorneys for Defendant
ADECCO USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJAN NANAVATI, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>            Plaintiff,<br><br>      vs.<br><br>ADECCO USA, INC., and DOES 1 through 50, inclusive;<br><br>            Defendants. | Case No.:  5:14-CV-04145-BLF<br><br>(Santa Clara Court No. 1-14-CV-269398)<br><br><u>CLASS ACTION</u><br><br>Hon. Beth Labson Freeman / Room 3<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:          March 26, 2015<br>Time:          9:00 a.m.<br>Courtroom:   3<br><br>Complaint Filed:    August 15, 2014<br>Complex:            August 22, 2014<br>Trial Date: |

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMO OF POINTS & AUTHORITIES

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 26, 2015, at 9:00 a.m., in Courtroom 3 of the United States District Court for the Northern District of California, located at 280 So. 1st Street, San Jose, CA 95113, the Honorable Beth L. Freeman presiding, Defendant Adecco USA, Inc. ("Adecco") will and does move for an order compelling individual arbitration of any and all disputes between Adecco and Plaintiff Rajan Nanavati ("Plaintiff") arising out of Plaintiff's employment with Adecco, including all claims and causes of action Plaintiff asserts against Adecco in his Complaint in this action.  Adecco also moves for an order staying this litigation pending the completion of arbitration.

This Motion to Compel Arbitration ("Motion") is made on the grounds that Plaintiff entered into a valid and enforceable contract providing that all disputes between him and Adecco arising from his employment relationship would be resolved by binding arbitration in accordance with the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*.

This Motion is based upon this Notice, the accompanying memorandum of points and authorities, the concurrently filed Declarations of Virginia Watson and Julie Patterson, and such other further evidence and arguments as may be presented at the hearing on this Motion.

Dated:  November 21, 2014

**BRYAN CAVE LLP**
Julie E. Patterson
Julie W. O'Dell

By:   */s/ Julie E. Patterson*
        Julie E. Patterson
Attorneys for Defendant
ADECCO USA, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................................................. 1

II.    FACTUAL BACKGROUND ........................................................................................... 1

III.   ARGUMENT ................................................................................................................... 2

      A.    This Court Should Compel Plaintiff to Honor His Agreement to Arbitrate ............. 2

            1.     The Parties Entered into a Valid Agreement to Arbitrate ............................ 4

            2.     The Electronic Agreement Must Be Given Legal Effect ............................. 4

            3.     The Agreement Is Not Unconscionable ........................................................ 6

      B.    Plaintiff Must Arbitrate His Claims on an Individual Basis ..................................... 7

            1.     Plaintiff Entered Into a Valid Class Action Waiver ..................................... 7

            2.     Plaintiff Must Arbitrate His PAGA Claims on an Individual Basis ............. 9

      C.    This Court Should Stay the Action Pending Arbitration of Plaintiff's Claims ....... 10

IV.   CONCLUSION ............................................................................................................. 11

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allied-Bruce Terminix Companies, Inc. v. Dobson*,
513 U.S. 265 (1995).................................................................................................................. 3

*Armendariz v. Foundation Health Psychcare Servs., Inc.*,
24 Cal. 4th 83 (2000) .......................................................................................................... 6, 7

*AT&T Mobility LLC v. Concepcion*,
131 S. Ct. 1740 (2011)..................................................................................................... passim

*Chau v. EMC Corp.*,
2014 WL 842579 (N.D. Cal. Feb. 28, 2014) ............................................................................ 5

*Chavarria v. Ralphs Grocery Co.*,
733 F.3d 916 (9th Cir. 2013) .............................................................................................. 6

*Chico v. Hilton Worldwide, Inc.*,
2014 WL 5088240 (C.D. Cal. Oct. 7, 2014)........................................................................... 10

*Circuit City Stores v. Adams*,
532 U.S. 105 (2001)................................................................................................................... 3

*Circuit City Stores, Inc. v. Ahmed,*
283 F.3d 1198 (9th Cir. 2002) ............................................................................................ 6

*Circuit City Stores, Inc. v. Najd*,
294 F.3d 1104 (9th Cir. 2002) ............................................................................................ 6

*CLS Transportation Los Angeles, LLC v. Iskanian*,
U.S.S.C. Case No. 14-341 ....................................................................................................... 10

*Davis v. Nordstrom, Inc.*,
755 F.3d 1089 (9th Cir. 2014) ............................................................................................ 4

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985).................................................................................................................. 8

*EEOC v. Waffle House, Inc.*,
534 U.S. 279 (2002).................................................................................................................. 3

*Fardig v. Hobby Lobby Stores, Inc.*,
2014 WL 4782618 (C.D. Cal. Aug. 11, 2014) ....................................................................... 10

*Gentry v. Superior Court*,
42 Cal. 4th 443 (2007) ........................................................................................................ 8

*In re D.R. Horton, Inc.*,
357 N.L.R.B. No. 184, 2012 WL 36274 (Jan. 3, 2012)............................................................ 8

*In Re Murphy Oil USA, Inc.*,
361 N.L.R.B. No. 72, 2014 WL 5465454 (Oct. 28, 2014) ....................................................... 8

*Iskanian v. CLS Transp. L.A. , LLC*,
59 Cal.4th 348 (2014) ................................................................................................. 8, 9, 10

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

MEMORANDUM OF POINTS AND AUTHORITIES

*Jasso v. Money Mart Exp., Inc.*,
  879 F. Supp. 2d 1038 (N.D. Cal. 2012) ................................................................................ 8, 9

*Johnmohammadi v. Bloomingdale's, Inc.*,
  755 F.3d 1072 (9th Cir. 2014) ............................................................................................... 6, 9

*Jones-Mixon v. Bloomingdale's, Inc.*,
  2014 WL 2736020 (N.D. Cal. Jun. 11, 2014)........................................................................ 5

*Kilgore v. KeyBank Nat'l Ass'n,*
  673 F.3d 947 ......................................................................................................................... 6

*Langston v. 20/20 Companies, Inc.*,
  2014 WL 5335734 (C.D. Cal. Oct. 17, 2014)........................................................................ 5, 10

*Morvant v. P.F. Chang's China Bistro, Inc.*,
  870 F. Supp. 2d 831 (N.D. Cal. 2012)................................................................................... 8, 9

*Moses v. Cone Memorial Hospital v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983)................................................................................................................... 3

*Ortiz v. Hobby Lobby Stores, Inc.*,
  ___ F. Supp. 3d ___, 2014 WL 4961126 (E.D. Cal. Oct. 1, 2014) ........................................ 9, 10

*Richards v. Ernst & Young, LLP*,
  744 F.3d 1072 (9th Cir. 2013) ............................................................................................... 9

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
  559 U.S. 662 (2010)............................................................................................................... 8

**Statutes**

9 U.S.C. § 2 ................................................................................................................................ 3

9 U.S.C. § 3 ................................................................................................................................ 12

9 U.S.C. §§ 9-12 ........................................................................................................................ 8

15 U.S.C. § 7001(a)(1) ............................................................................................................... 5

15 U.S.C. § 7001(a)(2) ............................................................................................................... 5

Cal. Civ. Code § 1633.7 (a)-(b)................................................................................................. 5

**Other Authorities**

*Employment Arbitration Rules & Mediation Procedures*, available at www.adr.org/employment
  (last visited November 12, 2014)........................................................................................... 7

**Rules**

Fed. R. Evid. 803(6)(A-D) ........................................................................................................ 5

Fed. R. Evid. 803(6)(E) ............................................................................................................. 5

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

MEMORANDUM OF POINTS AND AUTHORITIES

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

At the time Plaintiff Rajan Nanavati ("Plaintiff") began employment with Adecco USA, Inc. ("Adecco"), he and Adecco entered into an agreement to arbitrate any and all disputes arising out of the employment relationship.  The parties agreed to bring their claims only in their individual capacities and waived their right to pursue class, representative or collective claims in arbitration.  Adecco then placed Plaintiff on a temporary assignment with its client Google.

After Plaintiff's assignment with Google ended, and despite Plaintiff's agreement to arbitrate his claims, he filed a putative class action lawsuit seeking to representative a class of all of Adecco's temporary staffing employees in California and asserting claims for various wage and hour violations and related statutory and civil penalties.  When asked if he would arbitrate his claims consistent with his agreement, Plaintiff declined.

Plaintiff should be required to honor his agreement to arbitrate his claims.  The agreement is valid and enforceable under the Federal Arbitration Act and well-established California state law principles regarding the enforcement of contracts.  The arbitration should proceed on an individual, rather than a class or representative basis, consistent with *AT&T Mobility LLC v. Concepcion* and numerous federal decisions that have enforced similar agreements.  Thus, Adecco respectfully requests that the Court issue an order requiring Plaintiff to arbitrate his claims on an individual basis and staying this action pending a resolution in arbitration.

## II.    FACTUAL BACKGROUND

Adecco is one of the largest staffing companies in the United States that provides a full range of recruitment and staffing solutions to meet the evolving workforce needs of Adecco's clients and the temporary employees ("associates") who are placed for employment at client sites.  Adecco maintains its corporate headquarters in Jacksonville, Florida, but has branches offices in 47 states, including California.  Declaration of Virginia Watson ("Watson Decl.") ¶ 1.

Plaintiff is an associate who was placed by Adecco in the temporary position of GSX Dispatcher at Google, an Adecco client.  Plaintiff applied for this position through a job posting placed by Adecco on its website, AdeccoUSA.com.  Plaintiff began his assignment on January 27,

2014. His assignment ended on May 18, 2014. *Id.* ¶ 2.

During Adecco's onboarding process, Plaintiff entered into Adecco's Dispute Resolution and Arbitration Agreement for Consultants/Associates ("Dispute Resolution Agreement"). *Id.* ¶ 10, Ex. C. Plaintiff had the opportunity to opt out of the Dispute Resolution Agreement during the onboarding process, *Id.* ¶ 11, Ex. C § 9, but Plaintiff did not opt out. *Id.* ¶ 12.

The Dispute Resolution Agreement provides that Adecco and the employee "agree that any and all disputes, claims, or controversies arising out of or relating to this Agreement, the employment relationship between the parties, or the termination of the employment relationship shall be resolved by binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association then in effect." *Id.* ¶ 8, Ex. C. § 1. Claims covered by the agreement include "disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and meal periods, termination, or harassment and claims arising under the Uniform Trade Secrets Act, . . . and all other state and statutory and common law claims. *Id.* at Ex. C § 2.

On August 14, 2014, Plaintiff filed this lawsuit against Adecco in Santa Clara County Superior Court asserting claims for failure to pay overtime, failure to provide meal periods or meal period premiums, failure to pay wages on termination, failure to provide accurate itemized wage statements, unfair business practices and recovery under the California Labor Code Private Attorney General Act of 2004 ("PAGA"). Dkt No. 1-2. Plaintiff seeks to bring these claims on his behalf and on behalf of all non-exempt temporary staffing workers employed by Adecco in California in the four years preceding the initial filing of his complaint. *Id.* ¶ 22.

On September 15, 2014, Adecco removed the action to this Court. Dkt. No. 1. In October 2014, Adecco requested that Plaintiff arbitrate his claims on an individual basis. Plaintiff declined to do so. Declaration of Julie Patterson ¶¶ 1-3.

## III.   ARGUMENT

### A.   This Court Should Compel Plaintiff to Honor His Agreement to Arbitrate

The Federal Arbitration Act ("FAA") reflects a strong liberal federal policy in favor of arbitration. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) ("*AT&T Mobility*");

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

*Moses v. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms."  *AT&T Mobility,* 131 S. Ct. at 1745 (internal citations omitted).

Section 2 of the FAA allows a court to refuse to enforce an arbitration agreement only "upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "This savings clause permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue."  *AT&T Mobility,* 131 S. Ct at 1746 (internal quotation marks omitted).

The Dispute Resolution Agreement expressly invokes the FAA, stating "This Agreement shall be enforceable under and subject to the Federal Arbitration Act, 9 U.S.C. Sec. 1 *et seq.*"  Watson Decl. Ex. C § 1.

The FAA applies to "a contract evidencing a transaction *involving* interstate commerce."  9 U.S.C. § 2 (emphasis added).  This broad language reflects an intent by Congress to exercise its commerce power to the full.  *Allied-Bruce Terminix Companies, Inc. v. Dobson*,  513 U.S. 265, 273 (1995).  The FAA applies to employment contracts, but for a limited exception not applicable here involving transportation workers.  *Circuit City Stores v. Adams*, 532 U.S. 105, 119 (2001) (finding the FAA applied to an employment contract between a national retailer and an employee in one of its stores); *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (applying the FAA to an employment contract with an employee of a restaurant chain).

Adecco may properly invoke the FAA because its business activity has a sufficient nexus with interstate commerce.  Adecco is a national staffing firm with its headquarters and principal place of business located outside of California.  Watson Decl. ¶ 1.  Adecco provides temporary staffing services to clients located throughout the United States, including California.  *Id.*  Plaintiff was hired for a temporary assignment as a GSX Dispatcher for Google, an Adecco client, *Id.* ¶ 2, and a multi-national company specializing in Internet-related products and services, including on-line advertising.  Thus, the FAA governs this dispute and requires enforcement of the Dispute

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

Resolution Agreement as explained below.

### 1.    The Parties Entered into a Valid Agreement to Arbitrate

"Arbitration is a matter of contract, and the FAA requires courts to honor the parties' expectations." *AT&T Mobility,* 131 S. Ct at 1752. "Under the FAA, the role of the district court is to determine if a valid arbitration agreement exists, and if so, whether the agreement encompasses the dispute at issue." *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1092 (9th Cir. 2014).

At the time Plaintiff began employment with Adecco, he signed Adecco's Dispute Resolution Agreement. The agreement provides that "the Company and Employee agree that any and all disputes, claims or controversies arising out of or relating to this Agreement, the employment relationship between the parties, or the termination of the employment relationship, shall be resolved by binding arbitration . . . ." Watson Decl. ¶ 9, Ex. C § 1. The agreement "applies, without limitation, to disputes regarding the employment relationship, trade secrets, *unfair competition*, *compensation*, *breaks and meal periods*, termination, or harassment and claims arising under the Uniform Trade Secrets Act, . . . and all other state and statutory and common law claims. *Id.* at Ex. C § 2 (emphasis added).

Plaintiff asserts claims for failure to pay overtime, meal period violations, failure to pay wages on termination, failure to provide accurate itemized wage statements, unfair competition and PAGA penalties. *See generally* Dkt No. 1-2. All of these claims undisputedly arise out of his employment relationship with Adecco. In fact, the agreement expressly provides for arbitration of claims for compensation, meal periods and unfair competition. Watson Decl. Ex. C § 2.

### 2.    The Electronic Agreement Must Be Given Legal Effect

Plaintiff may attempt to challenge the validity of the Dispute Resolution Agreement because he signed it electronically. But both federal and California law provide that electronic signatures have the same force and effect as hand-written signatures, and Adecco has properly authenticated Plaintiff's electronic signature. *See* Watson Decl. ¶¶ 3-10, Exs. A-D.

Both federal and California law provide that agreements may not be denied legal effect because they are in electronic form or have electronic signatures. 15 U.S.C. § 7001(a) provides that "a signature, contract, or other record" relating to a transaction in or affecting interstate

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

commerce "may not be denied legal effect, validity, or enforceability solely because it is in electronic form." 15 U.S.C. § 7001(a)(1). With respect to electronic signatures it provides that, "a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation." *Id.* at § 7001(a)(2).

Similarly, California Civil Code section 1633.7 provides in relevant part that "[a] record or signature may not be denied legal effect or enforceability solely because it is in electronic form," adding that "[a] contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation." Cal. Civ. Code § 1633.7 (a)-(b). *See Chau v. EMC Corp.*, 2014 WL 842579, *4 (N.D. Cal. Feb. 28, 2014) (finding that an employee's electronic signature on an employment agreement with an arbitration provision was valid where the employee checked yes in acknowledging that an electronic signature is as valid as a signature by hand).

Authentication of business records under the Federal Rules of Evidence requires demonstrating through a custodian of records or another qualified witness that (i) a record was made at or near the time, or from information transmitted by someone with knowledge; (ii) the record was kept in the course of a regularly conducted business activity; and (iii) the making of the record was a regular practice of the business activity. Fed. R. Evid. 803(6)(A-D). This hearsay exception applies if neither the source of the information, nor the method or circumstances of preparation indicate a lack of trustworthiness. *Id.* at 803(6)(E).

Here, the Watson Declaration establishes that Nanavati followed Adecco's standard practice for on-boarding new associates by logging onto USVerify and applying his electronic signature to Adecco's new hire documents, including the Dispute Resolution Agreement. Watson Decl. ¶¶ 3-10, 13-15, Exs. A-D.

Courts have enforced similar arbitration agreements with electronic signatures. *See e.g.*, *Langston v. 20/20 Companies, Inc.*, 2014 WL 5335734, **5-6 (C.D. Cal. Oct. 17, 2014) (finding the defendant properly authenticated electronically signed arbitration agreements); *Jones-Mixon v. Bloomingdale's, Inc.*, 2014 WL 2736020, *4 (N.D. Cal. Jun. 11, 2014) (finding the agreement was

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

properly authenticated by a custodian of records for defendant's dispute resolution program).

To refuse to enforce an arbitration agreement because it contained electronic signatures or to impose a higher burden on authenticating such a signature would run afoul of *AT&T Mobility's* requirement that "[C]ourts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." 113 S. Ct. at 1745 (internal citations omitted).

### 3.    <u>The Agreement Is Not Unconscionable</u>

"Under California law, a contract must be both procedurally and substantively unconscionable to be rendered invalid. California utilizes a sliding scale to determine unconscionability." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013). "'[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 99 (2000). Procedural unconscionability focuses on oppression or surprise due to unequal bargaining power, substantive unconscionability focuses on overly harsh or one-sided results. *Kilgore v. KeyBank Nat'l Ass'n,* 673 F.3d 947, 964; *Armendariz,* 24 Cal. 4th at 99.

The Dispute Resolution Agreement is not procedurally unconsicionable. The agreement was not presented to Plaintiff on a take it or leave it basis. Rather, he had the option of opting out of the agreement at the time he began his employment with Adecco. Watson Decl. ¶ 11, Ex. C, § 9. He did not to do so. Watson Decl. ¶ 12. Any claim of procedural unconscionability fails on this basis alone. *See Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1108 (9th Cir. 2002) (holding that an arbitration agreement was not procedurally unconscionable where the employee had the right to opt out, but did not do so); *Circuit City Stores, Inc. v. Ahmed,* 283 F.3d 1198-1200 (9th Cir. 2002) (same); *accord, Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) (employee failed to opt out within the 30-day period).

Because the agreement is not procedurally unconscionable, the Court need not even reach the issue of substantive unconscionability. *Kilgore*, 673 F.3d at 964; *Armendariz*, 24 Cal. 4th at 114 (both must be present for a court to exercise its discretion to refuse to enforce an agreement).

MEMORANDUM OF POINTS AND AUTHORITIES

Even if the Court reaches this issue, the Dispute Resolution Agreement satisfies substantive due process requirements. *Armendariz* provides that an agreement is lawful if it, "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum."  24 Cal. 4th at 102.

Here, the agreement is bilateral, both Adecco and the employee agreed to arbitrate their claims. Watson Decl. Ex. C, § 1 ("The agreement to arbitrate includes any claims that the Company may have against Employee, or that Employee may have against the Company . . . ."). The agreement provides for arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA Employment Rules"). *Id.* The AAA Employment Rules provide for the selection of a neutral arbitrator. *See Employment Arbitration Rules & Mediation Procedures* § 12, available at www.adr.org/employment (last visited November 12, 2014). They provide for adequate discovery, *id.* at § 9, and a written award, *id.* at § 39. The arbitrator may award the same remedies and relief that would have been available had the parties litigated in court. *Id.* at § 39. The employer bears the costs of the arbitration forum and arbitrator's fees, except for a $200 filing fee, which would not apply here, if the employee initially files the claim. *Id.* at *Costs of Arbitration (Including Administrative Fees)*. While the agreement does not expressly mention judicial review, the FAA provides for such review. 9 U.S.C. §§ 9-12.

Accordingly, the agreement is not substantively unconscionable and is therefore valid and enforceable.

### B.    Plaintiff Must Arbitrate His Claims on an Individual Basis

#### 1.    Plaintiff Entered Into a Valid Class Action Waiver

The Dispute Resolution Agreement contains an express class action waiver which states, "**BY SIGNING THIS AGREEMENT, THE PARTIES AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS AND/OR COLLECTIVE PROCEEDING.**" Watson Decl. Ex. C, §7 (emphasis in original).

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

In *AT&T Mobility,* the United States Supreme Court stated that arbitration agreements are to be "enforced according to their terms," 131 S. Ct. at 1748, and that the parties may agree "to limit *with whom* a party will arbitrate its disputes," *Id.* at 1749 (emphasis in original). "[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010) (emphasis in original). The Court's holding in *AT&T Mobility,* striking down state procedures that stand as obstacles to arbitration under the FAA, 131 S. Ct. at 1753, applies with equal force to class action waivers in the employment context. *Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831, 841 (N.D. Cal. 2012); *Jasso v. Money Mart Exp., Inc.*, 879 F. Supp. 2d 1038, 1044 (N.D. Cal. 2012). For this reason, the California Supreme Court recently recognized that its holding in *Gentry v. Superior Court*, 42 Cal. 4th 443 (2007), which subjected class action waivers in employment agreements to heightened procedural requirements was abrogated by *AT&T Mobility. Iskanian v. CLS Transp. L.A. , LLC*, 59 Cal.4th 348, 366 (2014).

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985). Thus, Plaintiff should be compelled to pursue his claims on an individual basis in arbitration.

Plaintiff may argue that the Dispute Resolution Agreement is unenforceable under federal labor law, relying on *In re D.R. Horton, Inc.*, 357 N.L.R.B. No. 184, 2012 WL 36274 (Jan. 3, 2012), *enforcement denied in part,* 737 F.3d 344 (5th Cir. 2013), or the more recent *In Re Murphy Oil USA, Inc.*, 361 N.L.R.B. No. 72, 2014 WL 5465454 (Oct. 28, 2014). *D.R. Horton* and *Murphy Oil* held that class action waivers violate sections 7 and 8 the National Labor Relations Act ("NLRA"), which protect concerted activities of employees. However, as the Ninth Circuit found in *Johnmohammadi*, Plaintiff's argument fails from the start. Plaintiff was not coerced into waiving his right to accept a class action waiver as a condition of employment. Plaintiff had the option of opting out of the Dispute Resolution Agreement, but did not do so. The agreement

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

expressly provides associates with the opportunity to opt out within 30 days of signing the agreement simply by signing and emailing an opt out form to Adecco. The agreement advises associates that they will not be subject to an adverse employment action if they choose to opt out and notifies associates that, if they do not timely opt out, they will be deemed to have accepted the terms of the Dispute Resolution Agreement. Watson Decl. Ex. C, § 9. There is simply nothing coercive about the agreement. *See Johnmohammadi*, 755 F.3d at 1075 (finding the plaintiff was not coerced into waiving her right to file a class action, nor did Bloomingdale's interfere with or restrain the plaintiff in the exercise of her right to file one where plaintiff failed to opt out of the arbitration agreement).

Moreover, multiple federal courts and the California Supreme Court have declined to defer to *D.R. Horton* on the ground that it conflicts with policies underlying the FAA. *See Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1075 n.3 (9th Cir. 2013) (citing to, without deciding, the overwhelming majority of district courts that have declined to defer to *D.R. Horton*); *accord Ortiz v. Hobby Lobby Stores, Inc.*, ___ F. Supp. 3d ___, 2014 WL 4961126, *8 (E.D. Cal. Oct. 1, 2014); *Morvant*, 870 F. Supp. 2d at 842; *Jasso*, 879 F. Supp. 2d at 1048-49. The California Supreme Court reached the same conclusion in *Iskanian*. 59 Cal. 4th at 373 ("in light of the FAA's liberal federal policy favoring arbitration, . . . sections 7 and 8 of the NLRA do not represent a contrary congressional command overriding the FAA's mandate."). The Court should decline to defer to the recently decided *Murphy Oil* decision for similar reasons.

Accordingly, the FAA requires the Court to enforce the Dispute Resolution Agreement as written, including requiring Plaintiff to proceed to arbitration with just his individual claims.

### 2.    Plaintiff Must Arbitrate His PAGA Claims on an Individual Basis

The Dispute Resolution Agreement expressly provides for a waiver of representative PAGA claims, stating in relevant part, ". . . **THE PARTIES AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITY AND NOT IN ANY REPRESENTATIVE PROCEEDING UNDER ANY PRIVATE ATTORNEY GENERAL STATUTE ("PAGA Claim")** . . . ." Watson Decl. Ex. C, § 8. Plaintiff will likely argue that an employee cannot waive his right to bring a representative PAGA

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

claim through an arbitration agreement.  In *Iskanian*, the California Supreme Court recently held that an employment agreement compelling the waiver of representative claims under PAGA was "contrary to public policy and unenforceable as a matter of state  law." *Iskanian*, 59 Cal. 4th 348, 384.  However, CLS Transportation filed a petition for certiorari with the United States Supreme Court on September 22, 2014, asking whether a waiver of representative PAGA claims was distinguishable from a class action waiver for purposes of FAA preemption.  *CLS Transportation Los Angeles, LLC v. Iskanian*, U.S.S.C. Case No. 14-341.

Moreover, state procedures that are inconsistent with the FAA and stand "as an obstacle to the accomplishment and execution of the full purpose and objectives of Congress," are preempted by the FAA.  *AT&T Mobility*, 131 S. Ct. at 1753.  The question of whether PAGA claims are subject to the FAA is a matter of federal law left to the federal courts to decide.  *Langston*, 2014 WL 5335734 at *7; *Fardig v. Hobby Lobby Stores, Inc.*, 2014 WL 4782618, *4 (C.D. Cal. Aug. 11, 2014).  The district courts need not defer to *Iskanian* on this issue.  In fact, multiple district courts have concluded that *Iskanian's* holding against representative PAGA claim waivers improperly disfavors arbitration agreements and is preempted by the FAA and *AT&T Mobility*. *See, e.g., Langston*, 2014 WL 5335734 at *7-8; *Chico v. Hilton Worldwide, Inc.*, 2014 WL 5088240, *12-13 (C.D. Cal. Oct. 7, 2014); *Ortiz*, 2014 WL 4961126 at *11; *Fardig*, 2014 WL 4782618 at *4 (finding that *Iskanian* is "not controlling law-but rather only a contrary authority whose precedential value is persuasive instead of binding").

Thus, Plaintiff must pursue his PAGA claims in on an individual basis in arbitration.

**C.     This Court Should Stay the Action Pending Arbitration of Plaintiff's Claims**

Under the FAA, once the Court is satisfied that an issue is referable to arbitration, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.  *See e.g., Langston*, 2014 WL 5335734 at *8 (granting motion to compel and staying action pending arbitration); *Chico*, 2014 WL 5088240 at * 14 (staying action pending outcome of the arbitration).

Thus, Adecco respectfully requests that this action be stayed and Plaintiff be ordered to arbitrate his claims on an individual basis.

MEMORANDUM OF POINTS AND AUTHORITIES

## IV.    CONCLUSION

Plaintiff entered into a written agreement to arbitrate his disputes at the time he began his employment with Adecco.  The agreement is valid and enforceable.  He could have opted out of the agreement, but did not do so.  The agreement fully complies with the substantive due process standards established in *Armendariz*.  Consistent with *AT&T Mobility*, Adecco respectfully requests that this Court order Plaintiff to submit all his claims to arbitration on an individual basis and stay all proceedings pending the arbitration.

Dated:  November 21, 2014

**BRYAN CAVE LLP**
Julie E. Patterson
Julie W. O'Dell

By:    */s/ Julie E. Patterson*
        Julie E. Patterson
Attorneys for Defendant
ADECCO USA, INC.

IR01DOCS\737620.1\0374019                    11                    5:14-CV-04145-BLF

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414