**BRYAN CAVE LLP**
Julie E. Patterson, California Bar No. 167326
Julie W. O'Dell, California Bar No. 291083
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
Telephone:(949) 223-7000
Facsimile: (949) 223-7100
E-Mail: jepatterson@bryancave.com
julie.odell@bryancave.com

Attorneys for Defendant
ADECCO USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJAN NANAVATI, on behalf of himself and all others similarly situated, and on behalf of the general public, <br><br> Plaintiff, <br><br> vs. <br><br> ADECCO USA, INC., and DOES 1 through 50, inclusive; <br><br> Defendants. | Case No.: 5:14-CV-04145-BLF <br><br> (Santa Clara Court No. 1-14-CV-269398) <br><br> <u>CLASS ACTION</u> <br><br> Hon. Beth Labson Freeman / Room 3 <br><br> **DECLARATION OF JULIE E. PATTERSON IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION** <br><br> Date: March 26, 2015 <br> Time: 9:00 a.m. <br> Courtroom: 3 <br><br> Complaint Filed: August 15, 2014 <br> Complex: August 22, 2014 <br> Trial Date: |

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

DECLARATION OF JULIE PATTERSON ISO MOTION TO COMPEL ARBITRATION

# DECLARATION OF JULIE E. PATTERSON

I, Julie E. Patterson, declare:

I am an attorney duly licensed to practice law in all courts of the State of California. I am a partner at the law firm of Bryan Cave LLP, attorneys of record for Defendant Adecco USA, Inc. ( "Adecco") in the action herein. I have personal knowledge of the matters set forth in this declaration. If called as a witness, I could testify competently to such matters.

1. On October 21, 2014, I emailed Kevin Allen and David Velton of Velton Zegelman P.C., counsel for Plaintiff Rajan Nanavati ("Plaintiff") advising them that Plaintiff had signed an arbitration agreement with Adecco. I asked them to contact me to discuss arbitration of Plaintiff's claims. A true and correct copy of my email to Plaintiff's counsel with the attached arbitration agreement is attached hereto as Exhibit A.

2. On October 30, 2014, I reached out again to Plaintiff's counsel both by telephone and email asking them to contact me about arbitrating Plaintiff's claims.

3. On October 31, 2014, I spoke to Mr. Allen by telephone and asked if Plaintiff would arbitrate his claims on an individual basis pursuant to the agreement between the parties. Mr. Allen advised me that Plaintiff would not agree to arbitration of his individual claims. After the call, I forwarded a copy of Plaintiff's E-Signature Agreement to Mr. Allen by email. A true and correct copy of my email to Mr. Allen with the attached E-Signature is attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 21st day of November, 2014, at Irvine, California.

/s/ Julie E. Patterson
Julie E. Patterson

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

EXHIBIT A

| | |
|---|---|
| **From:** | Patterson, Julie |
| **Sent:** | Tuesday, October 21, 2014 5:08 PM |
| **To:** | 'dvelton@vzfirm.com'; 'kallen@vzfirm.com' |
| **Cc:** | O'Dell, Julie Westcott |
| **Subject:** | Nanavati v. Adecco USA, Inc. |
| **Attachments:** | DISPUTE_RESOLUTION_AND_ARBITRATION_AGREEMENT.PDF |

Counsel –

My office represents Adecco USA, Inc. in the *Nanavati* Action. Mr. Nanavati signed an arbitration agreement at the time he accepted employment with Adecco. I've attached a copy of the arbitration agreement for your reference. Please let me know when it would be convenient to speak about arbitration of Mr. Nanavati's claims.

I look forward to speaking with you.

Julie E. Patterson
Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
Off: (949) 223-7144
Fax: (949) 223-7100
jepatterson@bryancave.com

**Dispute Resolution and Arbitration Agreement for Consultants/Associates**

This Dispute Resolution and Arbitration Agreement for Consultants/Associates ("Dispute Resolution Agreement") is entered between Adecco USA, Inc., its successors and assigns and its officers, directors, employees, affiliates, subsidiaries and parent companies (collectively referred to as the "Company"), and _RAJAN NANAVATI_____ ("Employee").

**Recitals**

A.      The Company desires to consider Employee for placement or the continuation of Employee on temporary work assignments at Company's client(s) ("Client(s)");

B.      Employee is desirous of such consideration or continued assignment; and

C.      Employee and the Company desire to resolve any disputes concerning the terms, conditions or benefits of Employee's employment.

NOW THEREFORE, based on the above, and in consideration of the mutual covenants and conditions set forth herein, the parties hereto agree as follows:

1.      It is the Company's goal that workplace disputes or claims be handled responsibly and on a prompt basis. Employee and the Company are encouraged to take advantage of the procedures in the Company's Open Door Policy and solve problems and disputes informally, through dialog with Employee's supervisor, manager or Human Resources representative. Absent resolution through such process, the Company and Employee agree that any and all disputes, claims or controversies arising out of or relating to this Agreement, the employment relationship between the parties, or the termination of the employment relationship, shall be resolved by binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association then in effect. These Rules can be obtained from the Company Human Resources Department or on line at www.adr.org. The agreement to arbitrate includes any claims that the Company may have against Employee, or that Employee may have against the Company or against any of its officers, directors, employees, agents, or parent, subsidiary, or affiliated entities, except as set forth below. The arbitration shall take place in the county where Employee is or was last employed by the Company. The Company and Employee agree that the aggrieved party must give written notice of any claim to the other party no later than the expiration of the statute of limitations (deadline for filing) that the law sets forth for such claim. This Agreement shall be enforceable under and subject to the Federal Arbitration Act, 9 U.S.C. Sec 1 *et seq.* and shall survive after the employment relationship terminates. **BY SIGNING THIS AGREEMENT, THE PARTIES HEREBY WAIVE THEIR RIGHT TO HAVE ANY DISPUTE, CLAIM OR CONTROVERSY DECIDED BY A JUDGE OR JURY IN A COURT.**

2.      Except as it otherwise provides, this Dispute Resolution Agreement also applies, without limitation, to disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Genetic Information Non-Discrimination Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims.

3.      The arbitration requirement does not apply to (i) claims for workers compensation, state disability insurance and unemployment insurance benefits; (ii) claims for employee benefits under any benefit plan sponsored by the Company and covered by the Employee Retirement Income Security Act of 1974 or funded by insurance; however, this Dispute Resolution Agreement does apply to claims for breach of fiduciary duty, for penalties, or alleging any other violation of the Employment Retirement Income Security Act of 1974, as amended, even if such claim is combined with a claim for benefits; and (iii) disputes that may not be subject to predispute arbitration agreements as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203).

4.      Regardless of any other terms of this Dispute Resolution Agreement, claims may be brought before an administrative agency if applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims may include without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp). Nothing in this Dispute Resolution Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

5.      Although Employee will not be retaliated against, disciplined or threatened with discipline as a result of his or her exercising his or her rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective or representative action in any forum, the Company may lawfully seek enforcement of this Dispute Resolution Agreement including the

following class, collective and/or representative action waivers under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims.

6. Employee or the Company may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled may be rendered ineffectual without such provisional relief.

7. **BY SIGNING THIS AGREEMENT, THE PARTIES AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS AND/OR COLLECTIVE PROCEEDING.**

8. **FURTHERMORE, BY SIGNING THIS AGREEMENT, THE PARTIES AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITY AND NOT IN ANY REPRESENATATIVE PROCEEDING UNDER ANY PRIVATE ATTORNEY GENERAL STATUTE ("PAGA CLAIM"), UNLESS APPLICABLE LAW REQUIRES OTHERWISE. IF THE PRECEDING SENTENCE IS DETERMINED TO BE UNENFORCEABLE, THEN THE PAGA CLAIM SHALL BE LITIGATED IN A CIVIL COURT OF COMPETENT JURISDICTION AND ALL REMAINING CLAIMS WILL PROCEED IN ARBITRATION.**

9. Within 30 days after signing this Agreement, Employee may submit a form stating that Employee wishes to opt out and not be subject to the Dispute Resolution Agreement. Employee must submit a signed and dated statement on a "Dispute Resolution and Arbitration Agreement for Consultants/Associates Opt Out Form" ("Form") that can be obtained from the Company Human Resources Department Send your request for the Opt Out Form to: associatearbitration@adeccona.com . An Employee who opts out as provided in this paragraph will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to the Dispute Resolution Agreement. Should Employee not opt out of the Dispute Resolution Agreement in a timely manner, Employee and the Company will be deemed to have mutually accepted the terms of the Dispute Resolution Agreement.

10. It is understood and agreed by the parties that a Client and its affiliates are intended to be third party beneficiaries to this Dispute Resolution Agreement. Although the Client and its affiliates are not the Employee's employer, any disputes that may be asserted against Client or its affiliates due to Employee's temporary work assignment at Client shall be resolved pursuant to this Dispute Resolution Agreement in the same manner as claims made against the Company.

11. An Employee has the right to consult with counsel of the Employee's choice concerning this Dispute Resolution Agreement. Employee has read this Dispute Resolution Agreement carefully, fully understands the meaning of its terms and is signing it knowingly and voluntarily.

12. It is against Company policy for any Employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Dispute Resolution Agreement. If any Employee believes that he or she has been retaliated against by anyone at the Company, the Employee should immediately report this to the Company Human Resources Department.

13. The Company may change or modify the terms of the Dispute Resolution Agreement at any time with reasonable prior notice to Employee. It is understood that future changes will supersede or eliminate, in whole or in part, the terms of the Dispute Resolution Agreement. Current versions of the Dispute Resolution Agreement will be posted by the Company on the Company's internet site or such other location(s) designated by the Company.

14. If any provision(s) of this Dispute Resolution Agreement is declared overbroad, invalid or unenforceable such provision(s) shall be severed from this Dispute Resolution Agreement and, the remaining provisions of this Dispute Resolution Agreement shall remain in full force and effect and shall be construed in a fashion which gives meaning to all of the other terms of this Dispute Resolution Agreement.

IN WITNESS WHEREOF, the parties have voluntarily and knowingly executed this Dispute Resolution Agreement on the day and year set forth below.

EMPLOYEE

RAJAN NANAVATI e-Sign - I Agree

DATE: 1/21/2014

ADECCO USA INC.

DATE: 1/21/2014

# EXHIBIT B

**Patterson, Julie**

| | |
|---|---|
| **From:** | Patterson, Julie |
| **Sent:** | Friday, October 31, 2014 10:24 AM |
| **To:** | 'Kevin R. Allen' |
| **Cc:** | dvelton@vzfirm.com; O'Dell, Julie Westcott |
| **Subject:** | RE: Nanavati v. Adecco USA, Inc. |
| **Attachments:** | Adecco_Nanavati - Client docs - Personnel Records-v1.pdf |

Kevin –

Thanks for speaking with me this morning about the arbitration agreement. Here is the E-Signature Agreement signed by Mr. Nanavati.

Julie

---

**From:** Kevin R. Allen [mailto:kallen@vzfirm.com]
**Sent:** Thursday, October 30, 2014 10:57 AM
**To:** Patterson, Julie
**Cc:** dvelton@vzfirm.com; O'Dell, Julie Westcott
**Subject:** Re: Nanavati v. Adecco USA, Inc.

Julie,

My number is 925-695-4913.

Thanks,
Kevin R. Allen, Esq.
Special Counsel
Velton Zegelman P.C. | Attorneys at Law
525 W. Remington Drive, Suite 106
Sunnyvale, CA 94087
Phone: (925) 695-4913
E-mail: kallen@vzfirm.com
www.vzfirm.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

On Oct 30, 2014, at 10:51 AM, Patterson, Julie <JEPATTERSON@BryanCave.com> wrote:

Kevin –

10:00 tomorrow is good. Please let me know what number to call.

1

7

Thank you.

Julie E. Patterson
Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
Off: (949) 223-7144
Fax: (949) 223-7100
jepatterson@bryancave.com

---

**From:** VZ Firm [mailto:kallen@vzfirm.com]
**Sent:** Thursday, October 30, 2014 10:43 AM
**To:** Patterson, Julie
**Cc:** dvelton@vzfirm.com; O'Dell, Julie Westcott
**Subject:** Re: Nanavati v. Adecco USA, Inc.

Hi Julie,

Best time for me would tomorrow between 10a and noon.

Thank you,
Kevin R. Allen

On Oct 30, 2014, at 10:39 AM, "Patterson, Julie" <JEPATTERSON@BryanCave.com> wrote:

> Counsel –
>
> I just left a voicemail message with Mr. Velton. Please let me know if you are available today or tomorrow to speak about the arbitration.
>
> Thank you.
>
> Julie E. Patterson
> Bryan Cave LLP
> 3161 Michelson Drive, Suite 1500
> Irvine, CA 92612-4414
> Off: (949) 223-7144
> Fax: (949) 223-7100
> jepatterson@bryancave.com
>
> ---
>
> **From:** Patterson, Julie
> **Sent:** Tuesday, October 21, 2014 5:08 PM
> **To:** 'dvelton@vzfirm.com'; 'kallen@vzfirm.com'
> **Cc:** O'Dell, Julie Westcott
> **Subject:** Nanavati v. Adecco USA, Inc.
>
> Counsel –
>
> My office represents Adecco USA, Inc. in the *Nanavati* Action. Mr. Nanavati signed an arbitration agreement at the time he accepted employment with Adecco. I've attached a copy of the arbitration agreement for your reference. Please let me know when it would be convenient to speak about arbitration of Mr. Nanavati's claims.

I look forward to speaking with you.

Julie E. Patterson
Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
Off: (949) 223-7144
Fax: (949) 223-7100
jepatterson@bryancave.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.
bcllp2014

# E-Signature Agreement

US Verify is a web-based hiring process that greatly reduces paperwork. You will be asked to provide **your** signature electronically on the required forms.

By providing your electronic signature below, **you:**

- Agree that your electronic signature holds the same value as your **signature.**
- Agree that you have fully read and understand all information preceding your electronic signature in each **location where** your electronic signature appears.

**By clicking the "Electronically Sign This Form" button below I certify that the above information is true and correct, and I agree to the conditions of hiring.**

**Your Signature:** RAJAN NANAVATI e-Sign - I Agree **Date:** 1/21/2014