# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| RAJAN NANAVATI, <br> Plaintiff, <br> v. <br> ADECCO USA, INC., <br> Defendant. | Case No. 14-cv-04145-BLF <br><br> **ORDER DENYING MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL** <br><br> [Re: ECF 23] |

Plaintiff Rajan Nanavati ("Plaintiff") requests that this Court certify its April 13, 2015 Order Granting Motion to Compel Arbitration for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Pl.'s Mot., ECF 23. Defendant Adecco USA, Inc. ("Defendant") opposes this request. Def.'s Opp., ECF 25. The Court finds this matter suitable for submission without oral argument and accordingly vacates the July 23, 2015 hearing date for Plaintiff's motion. Civ. L.R. 7-1(b). For the reasons stated herein, Plaintiff's motion is DENIED.

## I. LEGAL STANDARD

A federal district court may certify for interlocutory review any non-dispositive order that meets three criteria: (1) there is a controlling question of law upon which (2) there is a substantial ground for difference of opinion, and (3) the immediate appeal of which will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The purpose of the statute is to provide "immediate appeal of interlocutory orders deemed pivotal and debatable." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995). However, "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed

narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). In seeking interlocutory appeal, a movant therefore has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

## II. DISCUSSION

Plaintiff seeks to appeal, on an interlocutory basis, the Court's determination that provisions waiving class action and representation action procedures in the binding arbitration agreement between Plaintiff and Defendant are valid and enforceable. The Court assumes familiarity with the facts of this case and with the Court's April 13, 2015 order. Order, ECF 21.

### A. Ruling on Class Action Waiver

Plaintiff asserts that this Court's rejection of his argument that the NLRA precludes class action waivers in employment contracts implicates a controlling question of law upon which there is substantial ground for difference of opinions—namely, whether federal courts should adopt the NLRB's conclusions in *In re D. R. Horton, Inc.*, 357 N.L.R.B. No. 184 (Jan. 3, 2012) ("*Horton I*") and *Murphy Oil USA, Inc.*, 361 N.L.R.B. No. 72 (Oct. 28, 2014) that mandatory arbitration agreements that bar employees from bringing joint, collective, or class action claims restrict substantive rights under section 7 of the NLRA and are therefore unlawful. *See* Pl.'s Mot. 6-8.

In the abstract, this issue may present a controlling question of law, as the Ninth Circuit has never directly addressed the applicability of *Horton I* and *Murphy Oil*. However, this Court's order did not rest upon the legal question of whether Section 7 of the NLRA limits the reach of the FAA, but rather upon the factually indistinguishable holding of the Ninth Circuit's controlling opinion in *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072 (9th Cir. 2014). Order at 7-9. Plaintiff quibbles with the Court's determination that the facts of this case are indistinguishable from those in *Johnmohammadi*. Pl.'s Mot. 7-8 ("the facts presented here are different enough that a reasonable judge could disagree with the conclusion that *Johnmohammadi* controls"). "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633. Here, Plaintiff's argument for interlocutory appeal rests upon his speculation that the Ninth Circuit would find the *facts* of this case distinguishable from

2

*Johnmohammadi* and then *choose* to confront the legal question of the limitations that the NLRA may impose on private arbitration agreements.

Moreover, Plaintiff has not demonstrated substantial ground for difference of opinion, as every court to have considered *Horton I* and *Murphy Oil* has rejected the reasoning in those opinions, particularly in respect to non-coercive arbitration and waiver provisions such as the ones at issue in this case. *See D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344, 359 (5th Cir. 2013) ("*Horton II*"); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1055 (8th Cir. 2013); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297 n.8 (2nd Cir. 2013); *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 367-74 (2014); *Brown v. Citicorp Credit Servs., Inc.*, No. 1:12-CV-00062-BLW, 2015 WL 1401604 (D. Idaho Mar. 25, 2015); *Patterson v. Raymours Furniture Co.*, No. 14-CV-5882 VEC, 2015 WL 1433219, at *7 (S.D.N.Y. Mar. 27, 2015); *see also Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1075 n.3 (9th Cir. 2013) (observing number of federal courts that have rejected *Horton I*). The only case that Plaintiff relies on to demonstrate a difference of opinion—*Brady v. Nat'l Football League*, 644 F.3d 661 (8th Cir. 2011)—did *not* adopt the entire rationale of *Horton I*, as Plaintiff asserts, but only reasoned that the filing of a good faith class action lawsuit could be concerted activity within the meaning of Section 7 of the NLRA. *Id.* at 673. *Brady* pre-dated *Horton I* and did not concern the intersection between the NLRA and the FAA, a fact that the Fifth Circuit readily noted in rejecting *Horton I*. *Horton II*, 737 F.3d at 356-62. As such, Plaintiff has failed to satisfy his burden to demonstrate the existence of exceptional circumstances warranting interlocutory appeal.

### B. Ruling on PAGA Waiver

Plaintiff next asserts that the Court's determination that California's PAGA statute, Cal. Lab. Code § 2698, *et seq.*, does not invalidate his waiver of representative actions implicates a controlling question of law upon which there is substantial ground for difference of opinion. Pl.'s Mot. 8-9. The truth of that assertion is abundantly clear to anyone who reads the legal news in California. This unsettled area of the law has also spawned numerous appeals, both to the Ninth Circuit and to the United States Supreme Court, as Defendant points out. *See* Def.'s Opp. 6 n.2, 8. Since this precise issue has been fully briefed and heard by the Ninth Circuit in *Hopkins v. BCI*

3

*Coca-Cola Bottling Co*, Case No. 13-56126 (argued June 3, 2015), the Court perceives no material advancement of the ultimate termination of *this* litigation from certifying yet another appeal on the same issue.

Plaintiff's argument in favor of interlocutory appeal rests on the faulty assumption that if the representative action waiver is invalid, he could proceed on his PAGA claim first and then arbitrate the remaining claims later (to the extent he still wants to pursue individual claims). Pl.'s Mot. 3-4. That sequencing of events is hardly guaranteed, nor does Plaintiff explain how reviving his PAGA representative claim and pursuing it first would materially advance the resolution of the litigation. If anything, instead of the logical progression of first arbitrating his individual claims and then litigating representative claims in court after an initial determination of liability, Plaintiff expects to turn that process on its head and dive into a lengthy and expansive representative action, leaving arbitration as an afterthought. This protracts, rather than materially advances the litigation. *See Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 WL 6389382, at *2 (E.D. Cal. Nov. 14, 2014). Thus, although Plaintiff may *prefer* to proceed with his PAGA representative claims first and may even find it convenient to do so, interlocutory appeal is not intended to bend to a party's preference, but rather to an objective determination that appeal before final judgment will materially advance the ultimate termination of the litigation.

As Defendant sensibly proposes, Plaintiff may arbitrate his individual claims now, and no time would be lost if the Ninth Circuit ultimately determines that representative action waivers are unenforceable. Def.'s Opp. 8. In such an event, Plaintiff is welcome to seek leave for reconsideration of this Court's order enforcing the representative action waiver. As it stands, however, Plaintiff has presented no principled or persuasive argument to put arbitration on hold for two to three years so that he can pursue an immediate appeal on an issue that is already under submission with the Ninth Circuit.

## III. ORDER

Based on the foregoing, the Court finds that Plaintiff has failed to show the existence of a controlling question of law upon which there is a substantial ground for difference of opinion in connection with the Court's ruling enforcing the class action waiver provision of Plaintiff's

4

arbitration agreement with Defendant.  Although there is a controlling question of law in regards to the enforceability of the representative action waiver in that agreement, the Court finds that Plaintiff has failed to demonstrate that an immediate appeal on the enforceability of either the class action or the representative action waiver would materially advance the ultimate termination of this litigation.  Plaintiff's motion to certify this Court's April 13, 2015 Order Granting Motion to Compel Arbitration for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is therefore DENIED.

**IT IS SO ORDERED.**

Dated: June 30, 2015

BETH LABSON FREEMAN
United States District Judge